UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| CAMERON L. ATKINSON, | Case No. 3:19-CV-01785-JCH |
| Plaintiff, | |
| v. | |
| FACEBOOK, INC., MARK ZUCKERBERG, | FEBRUARY 18, 2020 |
| Defendant. | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' *UNOPPOSED* MOTION TO STAY ALL DISCOVERY**

## I.      INTRODUCTION

Defendants Facebook, Inc. and Mark Zuckerberg submit this Memorandum of Law in support of their Unopposed Motion to Stay All Discovery pending the Court's adjudication of Defendants' Motion to Dismiss.  Defendants' dispositive motion, if granted, would eliminate the need for expansive and potentially costly discovery.  In the interim, a delay in discovery will not prejudice the Plaintiff, Mr. Atkinson, and he does not object to a stay of discovery pending the Court's resolution of Defendant's dispositive motion.  Because good cause exists for the entry of a protective order pursuant to Fed. R. Civ. P. 26(c), Defendants respectfully request that the Court grant their Motion.

## II.     BACKGROUND

Mr. Atkinson filed his Complaint on November 12, 2019, one day after Facebook removed three of his posts.  *See* Complaint, Dkt. No. 1 at ¶¶ 22-28.  Each post included the purported name of the whistleblower whose report to the Intelligence Community Inspector General triggered the House of Representatives' impeachment inquiry into President Trump.  *Id.* Facebook removed Mr. Atkinson's posts in accordance with its policy—shared by many other media organizations—against publishing the alleged identity of the whistleblower.

Mr. Atkinson asserts that Facebook's editorial decision violated his First Amendment rights. *Id.* at ¶¶ 44-52.  He also alleges a novel claim under the federal Communications Decency Act ("CDA"), a statute that notably contains no private right of action.  *Id.* at ¶¶ 36-43. Indeed, the CDA actually bars Mr. Atkinson's state law claims.  *Id.* at ¶¶ 53-70; *see also* Defs'. Mem. of Law in Supp. of Mot. to Dismiss, Dkt. No. 18, at 9-12.

Facebook and Mr. Zuckerberg moved to dismiss Mr. Atkinson's complaint with prejudice on January 21, 2020.  Defs'. Mot to Dismiss or Transfer, Dkt. No. 17.  Defendants contend that Mr. Atkinson's First Amendment claim fails because Facebook is not a state actor, that his CDA claim fails because it is not legally cognizable, and that the remaining claims in the Complaint are barred by the CDA itself.  *See generally* Dkt. No. 18.  Additionally, many of Mr. Atkinson's claims fail to meet the basic pleading requirements under the Federal Rules,

amounting instead to mere boilerplate recitals of the elements of each cause of action. *Id.* With respect to Mr. Zuckerberg, Defendants contend that the Complaint fails to contain any plausible allegations linking him, in his personal capacity, to any of the alleged harms Mr. Atkinson suffered. *Id.*

In the alternative, Defendants moved to transfer this case to the Northern District of California, pursuant to a binding forum selection clause contained within Facebook's Terms of Use. *Id.*

On February 10, 2020, the Court granted Mr. Atkinson's unopposed motion for an extension of time to file his opposition to Defendants' Motion to Dismiss. Order Granting Mot. For Extension of Time, Dkt. No. 35. Mr. Atkinson's opposition is now due March 12, 2020. *See id.* Defendants optional reply would be due March 26, 2020. L.R. 7(d). The parties are due to submit their Rule 26(f) Report on March 6, 2020. *See* Fed. R. Civ. P. 26(f), L.R. 26(f)(1).

## III. ARGUMENT

### A. Legal Standards

Fed. R. Civ. P. 26(c) authorizes district courts, "for good cause," to "issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense[.]" Courts within the Second Circuit routinely exercise their power to stay discovery in the early stages of litigation where a defendant has filed a meritorious dispositive motion.[1] "This rule is often invoked to avoid potentially expensive and wasteful discovery during the pendency of a determination which could potentially reshape pending claims." *United States ex rel. Ameti v. Sikorsky Aircraft Corp.*, 2016 WL 10490528, at *1 (D. Conn. Nov. 28, 2016) (quoting *Dabney v. Maddock*, 2011 WL 7479164, at *11 (N.D.N.Y. Nov. 29, 2011)).

---

[1] *See United States ex rel. Ameti v. Sikorsky Aircraft Corp.*, 2016 WL 10490528, at *2-3 (D. Conn. Nov. 28, 2016); *ITT Corp. v. Travelers Cas. & Sur. Co.*, 2012 WL 2944357, at *2-4 (D. Conn. July 18, 2012); *Granite Commc'ns, Inc. v. One Commc'ns Corp.*, 2008 WL 11381494, at *1-2 (D. Conn. April 24, 2008); *Cuartero v. United States*, 2006 WL 3190521, at *2-3 (D. Conn. Nov. 1, 2006); *Spencer Trask Software & Info. Servs., LLC v. RPost Int'l Ltd.*, 206 F.R.D. 367, 368 (S.D.N.Y. 2002); *Gandler v. Nazarov*, 1994 WL 702004, at *4 (S.D.N.Y. Dec. 14, 1994); *In re First Constitution Shareholders Litig.*, 145 F.R.D. 291, 294 (D. Conn. 1991).

In determining whether good cause exists for a stay of discovery in these circumstances, courts consider whether the defendant has made "a strong showing that any such motions to dismiss would be successful." *Granite Commc'ns, Inc. v. One Commc'ns Corp.*, 2008 WL 11381494, at *1 (D. Conn. April 24, 2008) (quoting *Moss v. Hollis*, 1990 WL 138531, at *1 (D. Conn. June 29, 1990)). "[W]here the motion appear[s] to have substantial grounds or, stated another way, does not appear to be without foundation in law," a stay of discovery may be appropriate. *Ameti*, 2016 WL 10490528, at *2 (internal quotation marks and alterations omitted). Other relevant factors include "the breadth of discovery and the burden of responding to it," as well as "the risk of unfair prejudice to the party opposing the stay," but "[t]he factor that weighs most heavily in favor of a stay is the strength of defendants' motion." *Id.* at *1 (internal quotation marks omitted).

**B.    Defendants' Motion to Dismiss has substantial grounds**

Defendants' Motion to Dismiss identifies several significant deficiencies in Mr. Atkinson's Complaint that are incurable by amendment and fatal to his claims. Principally, the Complaint:

- Fails to allege that Facebook is a state actor, as required for any claim under the First Amendment. *See Manhattan Cmty. Access Corp. v. Halleck*, 139 S. Ct. 1921, 1926 (2019); *see also Hudgens v. NLRB*, 424 U.S. 507, 513 (1976) ("It is, of course, a commonplace that the constitutional guarantee of free speech is a guarantee only against abridgment by government, federal or state.").

- Alleges state law claims that are precluded by § 230 of the CDA, which immunizes "interactive computer services" from liability for editorial decisions made with respect to third-party content. *See Force v. Facebook, Inc.*, 934 F.3d 53, 63 (2d Cir. 2019).

- Alleges a novel affirmative claim under § 230 of the CDA, a statute that by its plain terms contains no private right of action. No court has ever recognized Mr.

3

1369488

Atkinson's proposed "public trust" of the internet theory, and Mr. Atkinson fails to provide any coherent framework for implementing it.

- Fails to plead several claims with sufficient factual plausibility to satisfy Fed. R. Civ. P. 8, and fails to plead his fraud claim with the requisite specificity to meet Fed. R. Civ. P. 9(b)'s rigorous pleading standards. *See United States ex rel. Ladas v. Exelis, Inc.*, 824 F.3d 16, 25-26 (2d Cir. 2016) (stating requirements of Rule 9(b)); *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (stating pleading requirements under Rule 8).

- Fails to allege any legally meaningful connection between Mr. Atkinson's claimed injuries and Mr. Zuckerberg.

- Is subject to an enforceable, mandatory forum selection clause specifying the Northern District of California as the exclusive venue for claims arising out of Facebook's Terms of Use.

In view of these serious challenges, Defendants' request for a stay is built on a strong foundation; this case is different from those where a defendant provides "in only skeletal form the grounds on which they *intend* to move to dismiss." *In re Currency Conversion Fee Antitrust Litig.*, 2002 WL 88278, at *2 (S.D.N.Y. Jan. 22, 2002) (emphasis added); *see also Moss*, 1990 WL 138531, at *1 (denying motion for stay of discovery based on "anticipated motions to dismiss."). At a bare minimum, Defendants' Motion to Dismiss "raise[s] substantial issues which are 'not unfounded in law.'" *Ameti*, 2016 WL 10490528, at *2 (quoting *In re Currency Conversion*, 2002 WL 88278, at *1). In sum, the strength of Defendants' Motion to Dismiss weighs heavily in favor of granting a stay.

## C.   Discovery is likely to be burdensome and expensive

A stay may also be warranted where "discovery requests will likely prove burdensome, and if the motion [to dismiss] is granted, this burden will likely have served little purpose." *See Niv v. Hilton Hotels Corp.*, 2007 WL 510113, at *2 (S.D.N.Y. Feb. 15, 2007). Here, although

the parties have not yet begun discovery, the initial exchange of information may be very burdensome indeed. Many of Mr. Atkinson's legal theories turn on expansive factual assertions within the Complaint. For example, he alleges that "Facebook surreptitiously harvest[s] so-called meta-data from each message, building an enormous, and valuable, databank about each user." Dkt. No. 1 at ¶ 10. Similarly, Mr. Atkinson claims that Facebook has a "symbiotic relationship with the government" because it allegedly has a "policy of complying with subpoenas from law-enforcement agencies, but not with subpoenas from private attorneys, even in criminal cases." *Id.* at ¶ 49. Presumably, Mr. Atkinson will seek discovery on these and other broad allegations in the Complaint. Defendants dispute the relevance of any of that information, some of which is likely also privileged, and the discovery disputes alone are likely to consume significant party and Court resources. *See Cuartero v. United States*, 2006 WL 3190521, at *3 (D. Conn. Nov. 1, 2006) (granting defendant's motion for stay of discovery and observing that "[i]f discovery were to continue, it would also be likely to result in additional motion practice, since the IRS contends that it is not required to produce anything at all.")

In view of the strength of Defendants' Motion to Dismiss and Mr. Atkinson's expansive factual claims, both the parties and the Court are likely to save significant time and resources by staying discovery until the Court has an opportunity to rule on Defendants' Motion.

### D.   A brief stay in discovery will not prejudice Mr. Atkinson

Mr. Atkinson does not oppose a stay of discovery while Defendants' Motion to Dismiss is pending, which is the best evidence that a protective order will not prejudice his rights. His response to Defendants' Motion to Dismiss is due on March 12, 2020. Even if Defendants elect to file an optional reply, the Motion to Dismiss will be ripe for adjudication in less than two months. Consequently, any stay of discovery is likely to be brief, and will not prejudice Mr. Atkinson's ability to prosecute his case if Defendants' Motion to Dismiss is denied. Moreover, mere delay in discovery, absent some causally connected harm, is insufficient prejudice to justify denial of a stay. *See In re AOL Time Warner, Inc. Secs. & ERISA Litig.*, 2003 WL 22227945, at

*2 (S.D.N.Y. Sep. 26, 2003) ("the Court does not believe that a temporary and finite delay in attaining discovery, when there are no time-sensitive claims at issue, amounts to prejudice.").

Moreover, a stay would not preclude Mr. Atkinson from using Facebook to communicate or express his ideas in the meantime; his page remains active and he is free to post to the platform provided that the content of his posts complies with Facebook's Terms of Use.  Any on-going harm is limited to his ability to post one fact (the purported name of the whistleblower), which, as he admits, is already in the public record.  *See* Dkt. No. 1 at ¶ 31.  The remainder of Mr. Atkinson's alleged injuries are backwards-looking and compensable through money damages, in the event that any are ultimately awarded.

Nor would a stay impede Mr. Atkinson from opposing Facebook's motion; Defendants' Motion to Dismiss focuses primarily on *legal* deficiencies in Mr. Atkinson's Complaint.  In other words, no factual development is necessary in order to respond to Defendants' primary arguments in support of dismissal.

## IV.    CONCLUSION.

For the foregoing reasons, Defendants respectfully urge the Court to grant their Motion for a Stay of All Discovery pending adjudication of their Motion to Dismiss the Complaint.

THE DEFENDANTS, FACEBOOK, INC. AND MARK ZUCKERBERG

By:      /s/ *Nicholas Green*
         Paven Malhotra (phv10472)
         pmahlotra@keker.com
         Nicholas Green (phv10471)
         ngreen@keker.com
         Keker, Van Nest & Peters, LLP
         633 Battery Street
         San Francisco, CA 94111
         Tel: (415) 391-5400
         Fax: (415) 397-7188
         Their Attorneys

         Gary S. Klein (ct09827)
         Lindsay T. Reed (ct30895)
         Carmody Torrance Sandak & Hennessey LLP
         707 Summer Street, 3rd Floor
         Stamford, CT 06901-1026
         Tel:  (203) 252-2696
         Fax: (203) 325-8608
         gklein@carmodylaw.com
         lreed@carmodylaw.com
         Their Attorneys

1369488

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on February 18, 2020 I filed a copy of the foregoing electronically and served a copy of the foregoing by mail on anyone unable to accept electronic filing.  The Court's electronic filing system will send notice of this filing by e-mail to all parties.  Parties may access this filing through the court's CM/ECF System.

/s/ <i>Nicholas Green</i>_____

1369488