## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| CAMERON L. ATKINSON, | : | CIVIL CASE NO. |
| Plaintiff, | : | 3:19-cv-1785 (JCH) |
| | : | |
| v. | : | |
| | : | |
| FACEBOOK, INC., | : | |
| MARK ZUCKERBERG, | : | JULY 27, 2020 |
| Defendants. | : | |

### RULING ON MOTION TO DISMISS OR TRANSFER (DOC. NO. 17) AND SUPPLEMENTAL RULE 12 MOTION (DOC. NO. 51)

**I.   INTRODUCTION**

Plaintiff, Cameron L. Atkinson ("Atkinson"), brings this action against defendants, Facebook, Inc. ("Facebook") and its Chief Executive Officer ("CEO") Mark Zuckerberg ("Zuckerberg"), alleging various causes of action for Facebook's decision to remove several of his posts from its online platform.  See Compl. (Doc. No. 1); Suppl. Compl. (Doc. No. 48).  Facebook and Zuckerberg move this court to dismiss this action or, in the alternative, transfer it to the Northern District of California.  See Mot. to Dismiss (Doc. No. 17); Mem. in Supp. of Mot. to Dismiss ("Defs.' Mem.") (Doc. No. 18); Suppl. Rule 12 Mot. ("Defs.' Suppl. Mot.") (Doc. No. 51).  Atkinson opposes defendants' Motions.  See Pl.'s Mem. of Law in Opp. to Mot. to Dismiss ("Pl.'s Mem.") (Doc. No. 43); Pl.'s Mem. of Law in Opp. to Suppl. Rule 12 Mot. ("Pl.'s Suppl. Mem.") (Doc. No. 52).

For the reasons discussed below, the court orders the transfer of this case to the Northern District of California pursuant to section 1404(a) of title 28 of the U.S. Code, and thereby grants in part and denies in part defendants' Motion to Dismiss or Transfer and Supplemental Rule 12 Motion.

## II.    FACTUAL BACKGROUND

At the time he filed his original Complaint in this case, Cameron L. Atkinson was a third-year law student at Quinnipiac University.  Compl. ¶ 3.  Facebook is a social media company serving more than 2.3 billion users.  Id. ¶¶ 4, 7.  Mark Zuckerberg is its CEO.  Id. ¶ 5.

Atkinson, who "loves to share his thoughts and hear the thoughts of others", regularly posts his thoughts on Facebook.  Id. ¶ 20.  In 2019, Atkinson learned that Facebook was censoring posts that mentioned the name of the "alleged Ukrainian whistleblower" whose allegations prompted impeachment proceedings against President Donald Trump.  Id. ¶ 22.  Atkinson decided to test the scope of Facebook's censorship himself.  Id.  He made three posts on Facebook, each of which used the name of the alleged whistleblower.  Id. ¶¶ 23-24, 27.  The first two posts each began with the phrase "Test post[.]"  Id. ¶ 23-24.  One called the individual a "hero", while the other called the individual a "dirty lying rat[.]"  Id.  Facebook removed both posts without warning or notification.  Id. ¶ 26.  Atkinson then made a third post, still using the individual's name but stating that Atkinson had "conflicting thoughts about the naming of" the alleged whistleblower.  Id. ¶ 27.  Facebook removed the third post.  Id. ¶ 28.

Atkinson alleges that Facebook's refusal to publish his posts was politically motivated.  He alleges that, following "enormous public pressure to take greater steps to assure privacy and take a more socially responsible approach to managing content published on its platform", Facebook created a set of "community standards[.]"  Id. ¶¶ 13-14.  The community standards are vague, and Facebook reserves the right to remove posts it considers offensive without notifying the user or giving the user the

2

opportunity to edit the post.  Id. ¶¶ 17-19.  Atkinson alleges that Facebook applies its "vague 'community standards' policies in a politically-motivated, ideologically-driven way, silencing both right-wing and left-wing speech that threatens to disrupt the carefully crafted narrative around the attempt to impeach President Donald Trump."  Id. ¶ 30. Atkinson asserts that his allegations state claims for damages and injunctive relief under the First Amendment to the U.S. Constitution, the Communications Decency Act, the Connecticut Unfair Trade Practices Act (CUTPA), and common-law causes of action for fraud and breach of the implied warranty of fair dealing.  Id. ¶¶ 44-74; Suppl. Compl. ¶¶ 1-2, 24-50.

Facebook submitted a Declaration from its eDiscovery and Litigation Case Manager Nicholas Wong, together with accompanying exhibits, stating that Atkinson agreed to Facebook's "Statement of Rights and Responsibilities" ("SRR") (also referred to as "Terms of Use" or "Terms of Service") when Atkinson registered for a Facebook account in June 2014.  Decl. of Nicholas Wong ("Wong Decl.") (Doc. No. 19) ¶¶ 1, 3-6. Exhibits A through D to this Declaration are the versions of Facebook's SRR in effect from November 15, 2013, to the present.  Id. ¶ 6.  Exhibit A, the version of the SRR in effect at the time Atkinson registered for a Facebook account, includes the following statement: "You will resolve any claim, cause of action or dispute (claim) you have with us arising out of or relating to this Statement or Facebook exclusively in the U.S. District Court for the Northern District of California or a state court located in San Mateo County . . . ." Wong Decl. Ex. A (Doc. No. 19-1) ¶ 16.1.  Exhibits B, C, and D, the versions of the SRR in effect as of January 30, 2015, April 19, 2018, and July 31, 2019, respectively, contain language to the same effect.  Wong Decl. Ex. B (Doc. No. 19-2) ¶

15.1; Wong Decl. Ex. C (Doc. No. 19-3) ¶ 4.4; Wong Decl. Ex. D (Doc. No. 19-4) ¶ 4.4.

Atkinson "does not contest that the forum selection clause" defendants invoke "was

reasonably communicated as a matter of law, that it is mandatory, and that the clause

would subject his claims to it . . . ."  Pl.'s Mem. at 23.

## III.   STANDARD OF REVIEW

Section 1404(a) of title 28 of the U.S. Code provides that, "[f]or the convenience

of parties and witnesses, in the interest of justice, a district court may transfer any civil

action to any other district or division where it might have been brought or to any district

or division to which all parties have consented."  28 U.S.C. § 1404(a).  If the parties

have not agreed to a forum-selection clause, "a district court considering a § 1404(a)

motion . . . must evaluate both the convenience of the parties and various public-interest

considerations."  Atl. Marine Constr. Co., Inc. v. U.S. Dist. Court for the Western Dist. of

Tex., 571 U.S. 49, 62 (2013).  "The calculus changes, however, when the parties'

contract contains a valid forum-selection clause, which represents the parties'

agreement as to the most proper forum."  Id. at 63 (citation and internal quotation marks

omitted).

The Supreme Court has held that "[t]he presence of a valid form-selection clause

requires district courts to adjust their usual § 1404(a) analysis in three ways."  Id.  "First,

the plaintiff's choice of forum merits no weight."  Id.   "Second, a court evaluating a

defendant's § 1404(a) motion to transfer based on a forum-selection clause should not

consider arguments about the parties' private interests."  Id. at 64.  A party's consent to

an agreement containing a form-selection cause operates as a waiver of "the right to

challenge the preselected forum as inconvenient or less convenient for themselves or

4

their witnesses, or for their pursuit of the litigation." Id.  In other words, "a district court

may consider arguments about public-interest factors only." Id.  In Atlantic Marine

Construction Co., the Supreme Court observed that "those [public-interest] factors will

rarely defeat a transfer motion," and that "the practical result is that forum-selection

clauses should control except in unusual cases." Id.  Third, "when a party bound by a

forum-selection clause flouts its contractual obligation and files suit in a different forum,

a § 1404(a) transfer of venue will not carry with it the original venue's choice-of-law

rules." Id. at 65.

## IV.   DISCUSSION

Atkinson "does not contest that the forum selection clause" defendants invoke

"was reasonably communicated as a matter of law, that it is mandatory, and that the

clause would subject his claims to it . . . ." Pl.'s Mem. at 23.  Atkinson lists private

interests in support of his opposition to transfer, see id. at 24-25, and the court is

therefore bound to enforce the forum-selection clause and transfer the case, see Atl.

Marine Constr. Co., Inc., 571 U.S. at 62-65.

In his first Memorandum opposing dismissal and transfer, Atkinson argues that a

transfer is inappropriate because it "will effectively deny Mr. Atkinson the opportunity to

attend any court hearings in this matter and place overwhelming financial burdens on

the undersigned [counsel] because of the prohibitively expensive costs airfare and

lodging to, from, and in California." Pl.'s Mem. at 24.  Citing to his own Affidavit,

Atkinson represents that he "is a law student", "possesses limited financial means", "is

being represented pro bono in this matter, and [ ] will have tremendous difficulty in

locating a pro bono local counsel in the Northern District of California." Id.

5

In his Affidavit, Atkinson asserts that this difficulty is "due to the novel federal claims that I seek to advance and the general uncertainty surrounding whether my state law claims are barred by federal statute."  Pl.'s Mem. Ex. A (Doc. No. 43 at 28-29) ¶ 6. Atkinson also states that he "will likely be compelled to withdraw [his] suit" in the event of a transfer.  Id. ¶ 7.  Atkinson's Memorandum opposing defendants' Supplemental Motion merely states that transfer is inappropriate "[f]or the same reasons discussed" in Atkinson's Memorandum opposing defendants' first Motion to Dismiss or Transfer.  Pl.'s Suppl. Mem. at 15.

As explained above, the Supreme Court has held that "a court evaluating a defendant's § 1404(a) motion to transfer based on a forum-selection clause should not consider arguments about the parties' private interests."  Atl. Marine Constr. Co., Inc., 571 U.S. at 64.  Citing the Second Circuit's decision in Martinez v. Bloomberg LP, 740 F.3d 211 (2d Cir. 2014), Atkinson argues that the court may nevertheless decline to enforce the forum-selection clause at issue.  Pl.'s Mem. at 24.  The opinion in Martinez, however, acknowledged that, "[i]n Atlantic Marine, the Supreme Court held that such 'private interests' play no role in determining whether to transfer a case based on a forum selection clause" when a transfer would move "a case from one federal district court to another." Martinez, 740 F.3d at 229-30 (citing Atl. Marine Constr. Co., Inc., 571 U.S. at 64).  The Second Circuit held in Martinez that a slightly different calculus applies to "[f]orum selection clauses pointing to foreign fora."  Id.

Thus, because defendants seek to transfer this case to the Northern District of California--a forum Atkinson agreed to--the court is bound not to consider Atkinson's private interests.  Atkinson's stated reasons for declining to transfer--inconvenience and

expense--are private interests that the court may not consider for the purposes of transfer.  See Pl.'s Mem.  at 24-25.  Therefore, Atkinson--who does not dispute that the forum-selection clause is otherwise valid, mandatory, applicable, and enforceable--does not identify any ground on which the court may decline to enforce the forum-selection clause.  In contrast, defendants argue that public interests in "enforcing forum selection clauses to provide consistency and certainty for companies like Facebook" and "encouraging and protecting innovation" favor enforcement of the clause at issue. Defs.' Mem. at 20.  This case is not among "the most unusual cases" where public interests justify declining to enforce a forum-selection clause.  See  Atl. Marine Constr. Co., Inc., 571 U.S. at 66.  The court orders the transfer of this case to the Northern District of California.

## V.      CONCLUSION

        For the reasons discussed above, the court grants in part and denies in part defendants' Motion to Dismiss or Transfer (**Doc. No. 17**) and Supplemental Rule 12 Motion (**Doc. No. 51**). The Clerk is directed to transfer this case to the Northern District of California.

**SO ORDERED.**

   Dated this 27th day of July at New Haven, Connecticut.


                                                                      /s/ Janet C. Hall_____

                                                                    Janet C. Hall
                                                                    United States District Judge

7